**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:18-CV-00006-GCM**

| | | |
|---|---|---|
| **BARRY DAMON MALLATERE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **TOWN OF BOONE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER COMES** before this Court on remand from the Fourth Circuit Court of

Appeals affirming the portion of this Court's order dismissing Plaintiff's § 1983 claim, vacating

the portion of this Court's order dismissing Plaintiff's malicious prosecution claim based on

governmental immunity, and remanding for proceedings consistent with its opinion. (Doc. No.

22). The Court now considers whether Plaintiff's malicious prosecution claim should be dismissed

on grounds unrelated to governmental immunity.

**I.      FACTUAL BACKGROUND**

In 2011, Plaintiff served as President of Appalachian Hospitality Management, Inc.

("Appalachian Hospitality"). That year, the pool heater at one of the hotels operated by

Appalachian Hospitality malfunctioned. Without knowledge of Plaintiff, employees removed a

pool heater from another of the Appalachian Hospitality properties and used it to replace the

malfunctioned heater. The employees responsible for the change did not get the necessary permits

for the installation of the new pool heater.

In 2012, Appalachian Hospitality decided to convert its heaters and furnaces from propane

to natural gas. Appalachian Hospitality contracted with a third party to do the conversion. The

third party inspected the employee-installed pool heater and determined that it could safely convert it from propane to natural gas. The third party applied for and received the necessary permits to complete the conversion from the Defendant's Planning and Inspections Department. After the conversion, Defendant's inspector confirmed that it satisfied the local building code.

In April of 2013, Daryl and Shirley Jenkins stayed in the hotel room directly above the converted pool heater. The Jenkins passed away in the room that night. Defendant's fire department inspected the room after the Jenkins' deaths and determined that nothing was wrong with the room itself. Plaintiff instructed Appalachian Hospitality to not rent the room pending further tests. An outside contractor tested the room and found no gas leaks present.

In June of 2013, another couple stayed in the same room in which the Jenkins had died. That couple did not report having any negative experiences. The following week, Jeffrey and Jeanie Williams spent the night in the same room. That night, exhaust from the pool heater entered the room and caused the Williams to suffer from carbon monoxide poisoning. Jeffrey Williams died, and Jeanie Williams suffered serious injuries.

Plaintiff did not have any knowledge that the room was susceptible to carbon monoxide poisoning prior to either the death of Jeffrey Williams. However, Defendant launched an intensive investigation into the three deaths. The first investigation concluded that no crime had occurred. Defendant, however, opened a second investigation into the incidents. Plaintiff alleges that the second investigation did not lead to any evidence that that Plaintiff behaved unlawfully or to "any probable cause of [a] crime being committed by Plaintiff." However, Defendant insisted the evidence from the second investigation be presented to the Grand Jury in hopes that an indictment would be issued against Plaintiff.

The Grand Jury indicted Plaintiff on three counts of involuntary manslaughter and one count of assault inflicting serious bodily injury. Plaintiff alleged that in support of the indictment, Defendant required two of its employees to appear and testify in front of the Grand Jury. Plaintiff further alleged that these two witnesses provided false testimony that served as the basis for the indictment. Ultimately, when a new District Attorney was elected, all charges against Plaintiff were dismissed.

## II.      STANDARD OF REVIEW

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000). Thus, to survive a motion to dismiss, the plaintiff must include within his complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.      DISCUSSION

Plaintiff's §1983 and Fourth Amendment claim have been dismissed. Plaintiff's malicious prosecution claim remains. To state a claim for malicious prosecution, a plaintiff must allege: "(1) defendant initiated the earlier proceeding; (2) malice on the part of defendant in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff." *Strickland v. Hedrick*, 194 N.C. App. 1, 17 (2008).

Defendant alleges that the malicious prosecution claim "should be dismissed pursuant to Rule 12(b)(6) because the Amended Complaint contains only conclusory allegations." In support of its malicious prosecution claim, Plaintiff alleges that (1) Defendant directed its employees to initiate a case against Plaintiff; (2) the prosecution was malicious because Defendant knew that it lacked probable cause but prosecuted Plaintiff anyways to cover up the fact that its own employee—who had inspected and certified Plaintiff's pool heating conversion—was responsible for the deaths underlying the charges against Plaintiff; (3) Defendant lacked probable cause because it did not have "any evidence of any illegal activity [by] Plaintiff"; and (4) the charges against Plaintiff were ultimately dismissed on March 28, 2016. Those allegations are not merely conclusory and contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's § 1983 and Fourth Amendment claims were dismissed by prior Order of this Court. Plaintiff's malicious prosecution claim remains.

**SO ORDERED**.

Signed: July 14, 2020

Graham C. Mullen
United States District Judge