# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| **BARRY DAMON MALLATERE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TOWN OF BOONE, a North Carolina Municipal Corporation,**<br><br>**Defendant.** | **Case No.: 5:18-cv-00006** |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of counsel, and deeming it just and proper to do so, the Court enters the following Order: This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" (which information is hereinafter referred to as "Confidential Information"). All parties to this action recognize that, in the course of discovery proceedings relating to this action, it may be necessary or requested to disclose to another party certain of the asserted Confidential Information, but the parties wish to ensure that such asserted Confidential Information will not be used for any purpose other than this action, and will not be made public by another party, or be otherwise disseminated by another party, beyond the extent necessary for purposes of this action. For purposes of this Order, Confidential Information includes, but is not limited to, information deemed confidential pursuant to the North Carolina General Statutes and/or other applicable law, and other information that the parties reasonably consider and deem to be

private, proprietary, and/or confidential. This Order serves to authorize and allow release of said information which is deemed confidential pursuant to the North Carolina General Statutes and/or other applicable law and other information designated by the parties as "Confidential" or "Confidential Information."

**IT IS THEREFORE ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein means:

a. All information and documents made confidential by the North Carolina General Statutes and/or other applicable law;

b. Any documents or information which are contained in a personnel file maintained by any party;

c. Any documents and other information related to personal financial information and medical records of the parties, as well as other personal information that the producing party would reasonably expect to remain confidential and which the producing party designates as confidential.

d. Any documents and other information that the parties reasonably consider and deem to be private, proprietary, and/or confidential and which the producing party designates as confidential. Documents include but are not limited to: all writings, drawings, graphs, charts, recordings, videos, photographs, body camera footage and/or videos, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

2. Any party producing documents may designate the documents as Confidential Information by marking each page of the document "CONFIDENTIAL." Alternatively, when producing a multi-page document or group of documents, all of which it contends is Confidential Information, a party may designate the entire document or group of documents as Confidential Information by marking the cover page or first page "CONFIDENTIAL." Alternatively, a party may designate the material as "CONFIDENTIAL" in any accompanying cover letter, memorandum, or discovery response. Furthermore, any document produced or used in this litigation prior to the date of this Order may be designated as "Confidential" by sending written communication to all other counsel (including letter and/or email). The Confidential Information shall be disclosed only for official use in this action, and for no other purpose.

3. Certain information disclosed at the deposition of any witness, including any party, may be designated as "Confidential Information" by indicating on the record at the deposition that the specific testimony is Confidential Information subject to the provisions of this Order. Alternatively, a party or witness may designate information disclosed at such deposition as Confidential Information by notifying all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the deposition that is Confidential Information. If Confidential Information is used as an exhibit during a deposition, the documents shall be marked "Confidential."

4. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

a. The parties to this action (including employees, former employees, officers, managers, directors, attorneys and elected officials) and their attorneys of record in this litigation and any associate counsel; any employees and/or independent contractors of such attorneys and counsel to whom it is necessary that the information be disclosed for purposes of this litigation; in-house counsel for any party and their employees; the Town Attorney for the Town of Boone and any attorney and/or employee is his/her office; any representatives of any insurance company involved in this case either directly or as an insurer of the Defendant;

b. Outside companies engaged by attorneys for the parties to photocopy documents;

c. Consultants and/or technical experts involved in this action;

d. Subject to the provision of paragraph 5, independent expert witnesses, who are not a party to this litigation, who have been specially employed or retained to assist in this litigation;

e. The court, appellate court, court reporter (including necessary stenographic and clerical personnel therefore) and courtroom personnel at any deposition, pretrial hearing, trial, or other proceeding held in connection with this action;

f. Subject to paragraph 5, any potential or actual witness as necessary to prepare this case for litigation (including but not limited to a witness in the course of a deposition and/or a witness in the course of a hearing and/or trial); provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential Information; and that no Confidential Information may be disclosed to any person under this paragraph until such person has read this Order and signed a copy of Exhibit A, thereby indicating his/her willingness to be bound

by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure by the court;

g. Mediators;

h. The presiding Judge, Magistrate Judge, and/or jurors (upon being sworn in) at any motions or the trial of this matter; and

i. Any other person who is designated by agreement by the parties, through counsel, or by Order of the Court, after notice to all parties and opportunity for hearing, provided that such person has reviewed this Order and signed the acknowledgment attached hereto as Exhibit A.

5. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 4(a), (b), (c), (e), (g), (h), and (i) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

b. Prior to making disclosures to any person set forth in subparagraph 4(d) and (f) of this Order, the party disclosing the Confidential Information shall inform any persons to whom disclosure is made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by this Order. The parties shall obtain from such persons a written statement in the form of Exhibit A, attached hereto. Counsel for the parties shall maintain a complete and current file of the written acknowledgments (in the form attached as

Exhibit A to this Order); provided, however, the disclosing party shall have no obligation to disclose such acknowledgments to the opposing party or any other person unless ordered to do so by the Court. All Confidential Information, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable, but excluding any materials which in good faith judgment of counsel are work product materials. Counsel shall be permitted to maintain a file copy of all the documents subject to the terms of this Order.

6. Nothing in this Order shall prevent any party from objecting to discovery that it believes to be otherwise improper. This Order shall not prejudice in any way the right of any party or its counsel to object to interrogatories and/or the production of documents it considers not subject to discovery. This Order shall not prejudice in any way the right of a party or its counsel to apply to the Court for a further Protective Order relating to any Confidential Information. This Order shall not prejudice in any way the right of any party or its counsel to seek a determination by the Court (a) whether particular records or information requested in discovery should be produced or (b) if produced, whether such material should be subject to the terms of this Order.

7. The production or disclosure of Confidential Information pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections

as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action. The Court may make such Orders as are necessary to govern the use of such documents or information at trial.

8. No Confidential Information produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

9. If any such confidential documents or information are used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum, pleading or other paper filed with the court, the deposition transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information. Any motion, memorandum, document, or other paper filed with the Court is presumptively a public document and any decision by the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

10. Any and all documents that include or incorporate the Confidential Information, or a discussion of the substance of the Confidential Information, including without limitation deposition transcripts, pleadings, motions and other filings, shall be deemed confidential and subject to the terms of this Order.

11. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

12. The inadvertent, unintentional or <u>in camera</u> disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material had not been designated as Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

14. Within sixty (60) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all confidential documents produced pursuant to this Order (including all xeroxed copies of the same) to the party producing said documents or shall destroy the same, including any electronically stored copies, with a written certification by

the party's counsel of record, if requested by the producing party, that all such documents and copies of the same, whether hard copies or electronically stored copies, have in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order, in order to comply with all rules of that counsel's malpractice insurance carrier and all rules of the North Carolina State Bar with regard to file retention. Notwithstanding the provisions of this paragraph, the ultimate disposition of protected materials is subject to a final order of the Court upon the completion of the litigation.

14. Each person who receives Confidential Information submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

**SO ORDERED.**

Signed: November 29, 2021

Graham C. Mullen
United States District Judge

CONSENTED TO:

/s/ Ann C. Rowe
Ann C. Rowe
N.C. State Bar No. 26686

/s/ Jilliann L. Tate
Jilliann L. Tate

N.C. State Bar No. 53604

*Attorneys for Defendant Town of Boone*
DAVIS & HAMRICK, L.L.P.
P.O. Drawer 20039
Winston-Salem, NC 27120-0039
Telephone: (336) 725-8385, ext. 116 (Rowe)
Telephone: (336) 725-8385, ext. 103 (Tate)
Facsimile: (336) 723-8838
E-mail: arowe@davisandhamrick.com
E-mail: jilliann@davisandhamrick.com


/s/Nathan A. Miller
Nathan A. Miller
N.C. State Bar No.:35451
*Attorney for Plaintiff Barry Damon Mallatere*
MILLER & JOHNSON, PLLC
P.O. Box 49
Boone, NC 28607
Telephone: (828) 264-1125
Facsimile: (828) 262-3544
E-mail: nathan@millerandjohnsonlaw.com

# Exhibit A

# Agreement concerning materials covered by a Consent Protective Order entered in the United States District Court for the Western District of North Carolina.

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court in the Civil Action No. 5:18-cv-00006 captioned *Barry Damon Mallatere v. Town of Boone, a North Carolina Municipal Corporation*, and understands the terms thereof. The Undersigned agrees to comply with and be bound by all the terms of this Order, and the Undersigned understands and acknowledges that failure to so comply could expose the Undersigned to sanctions from the Court. The Undersigned solemnly promises that he/she will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the Order in relation with the Undersigned's involvement with the above case.

The Undersigned further agrees to submit to the jurisdiction of the United States District Court, Western District of North Carolina, for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

_____
Date


_____
Signature


_____
Printed Name